UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/28/2016
```

QUAVAS SIMS,

                                    Petitioner,

                    -against-

SUPERINTENDENT DALE ARTUS,

                                    Respondent.

14-CV-4734  (VEC)

ORDER ADOPTING
REPORT & RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

    Quavas Sims, proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt. 2)  On July 10, 2014, the Court ordered the respondent to answer the petition and referred the action to Magistrate Judge Debra Freeman for the preparation of a Report and Recommendation ("Report") pursuant to 28 U.S.C. § 636(b).  (Dkts. 6, 7)  On July 6, 2016, Magistrate Judge Freeman issued a Report, recommending dismissal of the habeas petition in its entirety.  (Dkt. 54 ("Report"))  On August 18, 2016, Sims submitted objections to Magistrate Judge Freeman's Report, which were received by the Court and docketed on September 14, 2016.  (Dkt. 60 ("Objections"))

## DISCUSSION

    In reviewing a Report, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The standard of review employed by the district court in reviewing a Report depends on whether timely and specific objections to the Report have been made.  *Williams v. Phillips*, No. 03 Civ. 3319, 2007 WL 2710416, at *1 (S.D.N.Y. Sept. 17, 2007).  To accept those portions of the Report to which no timely objection has been made, "a district court need only satisfy itself that

1

there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810, 2009 WL

2001439, at *4 (S.D.N.Y. July 8, 2009) (internal quotation marks and citation omitted); *see also*

*Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  Where, however,

specific objections to the Report have been made, "[t]he district judge must determine *de novo*

any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P.

72(b)(3); *see United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To the extent that a

party's objections to the Report "are conclusory or general, or simply reiterate original

arguments, the district court reviews the [Report] for clear error."  *See Pineda v. Masonry Const.,*

*Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).

  In general, the objections of *pro se* parties are construed liberally and are read to "raise

the strongest arguments" that are suggested.  *Green v. United States*, 260 F.3d 78, 83 (2d Cir.

2001) (citations omitted).  "Nonetheless, even a *pro se* party's objections to a Report and

Recommendation must be specific and clearly aimed at particular findings in the magistrate's

proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior

argument."  *Machicote v. Ercole*, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug.

25, 2011) (internal quotation marks and citation omitted).


## CONCLUSION

  Even when construed liberally, Sims's objections, to the extent that they are timely, *see*

*Garcia v. Graham*, No. 15 Civ. 1606, 2016 WL 1718389, at *1 n.1 (S.D.N.Y. April 29, 2016)

(applying the "mailbox rule" to filings by *pro se* prisoners), largely repeat and rehash the

arguments set forth in his original petition.  Applying a clear-error standard of review relative to

the issues raised by those objections, the Court concludes that the Report is free of clear error.

To the extent Sims objects on the grounds that the Report "penalize[d]" him with respect to certain evidence, careful review of the Report again reveals no error in the Report's conclusions. Sims asserts that he was penalized "for comparing record based matter, with off record documentary evidence, in an attempt to establish his factual contentions." (Objections at 19) It is not entirely clear what Sims means; the only issue discussed in the Report in which record evidence as compared to non-record evidence would have been relevant was with respect to Sims's ineffective-assistance claim regarding his counsel's alleged failure to introduce certain documents into evidence. To the extent that this is a validly articulated objection, the Court has reviewed Sims's claim *de novo*. For all of the reasons articulated in the Report, the Court concurs that Sims has not stated an ineffective-assistance claim regarding counsel's failure to introduce certain evidence because Sims has not demonstrated prejudice. (*See* Report at 39)

Sims's petition for a writ of habeas corpus is DENIED. The Court also declines to issue a certificate of appealability. Sims has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c)(2), and appellate review therefore is not warranted. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court respectfully is directed to close this case.

**SO ORDERED.**

_____
October 28, 2016                            **VALERIE CAPRONI**
New York, New York                       **United States District Judge**